IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL VAN DOBBS, # 15,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-01172 |
| | ) | |
| **CHAD YOUKER**, *et al.*, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Van Dobbs, who is currently in the custody of the Williamson County Jail in Franklin, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). Plaintiff's Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

### I.     FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate

trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SUPPLEMENTAL COMPLAINT

Plaintiff has filed a document titled "Supplemental Complaint and Emergency Motion for Injunctive Relief." (Doc. No. 7).

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff did not file a motion seeking leave to supplement his Complaint. The Court therefore will not consider the purported supplemental complaint in screening the Complaint.

If Plaintiff wishes to file an amended complaint, he may do so "once as a matter of course" either before Defendants have submitted a responsive pleading or motion to dismiss or within 21 days after a responsive pleading or motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). If Plaintiff wishes to file a supplemental complaint, he must file a motion for leave to do so. Any amended or supplemental complaint must comply with the Court's Local Rules governing amended pleadings. Specifically, the amended or supplemental complaint must "restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(b).

## III. SCREENING THE COMPLAINT

A. <u>PLRA Screening Standard</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

3

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

B. Factual Allegations and Claims

Plaintiff names 17 Defendants[1] and alleges that each Defendant is employed by the Williamson County Sheriff's Office. (Doc. No. 1 at 2−7). Plaintiff alleges that Williamson County Sheriff's Office deputies seized his and other inmates' Bibles on or about January 18, 2025. (*Id.* at 7). Documents attached to the Complaint indicate that Plaintiff and other inmates were provided access to tablets with electronic copies of the Bible, but these tablets were not available to inmates at night. (*See id.* at 15−17). Plaintiff alleges that he was denied access to a Bible "for months." (*Id.* at 8). Captain Youker describes the lack of access to a Bible at night as "an [oversight] on our end when we implemented the digital religious material on the tablets." (*Id.* at 20).

C. Analysis

Construing the Complaint's allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged facts supporting viable claims under the First Amendment, the

---

[1] The named Defendants are Captain Chad Youker, Deputy Burdick, Deputy Mathis, Deputy Fairchild, Deputy Crow, Deputy Perry, Sergeant Fearing, Lieutenant Gray, Lieutenant Obermyer, Lieutenant Lindquist, Lieutenant Driskill, Deputy Redman, Deputy Wilson, Deputy O'Brien, Deputy Varni, Deputy Bedford, and Deputy Fox.

4

Case 3:25-cv-01172   Document 12   Filed 11/25/25   Page 4 of 10 PageID #: 106

Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[2] and Tennessee state law. These claims shall proceed against Captain Youker in his individual and official capacities. The Complaint does not state a claim for which relief may be granted against any other Defendant, so all other claims will be dismissed.

### 1. Captain Youker

"The Free Exercise Clause of the First Amendment . . . provides that 'Congress shall make no law...prohibiting the free exercise [of religion].'" *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting U.S. Const. amend. I). "In any free exercise claim, the first question is whether the belief or practice asserted is religious in the plaintiff's own scheme of things and is sincerely held." *Id.* (quotation marks and brackets omitted). Where a plaintiff makes this threshold showing, the Court must consider whether a regulation that "impinges on inmates' constitutional rights . . . is reasonably related to legitimate penological interests." *Id.* (quotation marks omitted). If not, "the inquiry ends, and the prisoner prevails." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citations omitted). If so, then the Court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner would affect 'guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89−91 (1987)).

RLUIPA provides broader protection for the religious liberty of incarcerated individuals than the First Amendment. *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010). To state a claim under RLUIPA, a prisoner must (1) "demonstrate that he seeks to exercise religion out of a sincerely held religious belief" and (2) "show that the government substantially burdened that

---

[2] The Complaint does not cite RLUIPA directly, but Plaintiff's Emergency Motion for Injunctive Relief does (Doc. No. 7 at 1), and the facts alleged in the Complaint are sufficient to state a claim under RLUIPA.

religious exercise." *Cavin*, 927 F.3d at 458 (quotation marks omitted). If the prisoner satisfies these elements, then the burden shifts to the government to show "that the burden furthers 'a compelling government interest' and 'is the least restrictive means' of doing so." *Id.* (quoting 42 U.S.C. § 2000cc-1(a)).

Here, Plaintiff alleges facts from which the Court may infer that he has a sincerely held belief that reading and studying the Bible is part of his religious practice. (*See* Doc. No. 1 at 15). Plaintiff also alleges facts from which the Court may infer that Captain Youker created and ordered implementation policies prohibiting inmates at the Williamson County Jail from possessing physical Bibles and preventing inmates from accessing electronic copies of religious texts during certain hours. (*See* Doc. No. 1 at 17, 20). A reasonable factfinder could conclude that these policies constitute a substantial burden on Plaintiff's religious practice, and that is sufficient for Plaintiff's First Amendment and RLUIPA claims to proceed past screening. *See Brown v. Page*, No. 2:20-cv-00070, 2021 WL 288754, at *3 (M.D. Tenn. Jan. 27, 2021) (finding plaintiff had stated viable First Amendment and RLUIPA claims based on restricted access to Bible). These allegations also allow the Court to reasonably infer that the policies implemented by Captain Youker violate Tennessee's statute requiring inmate access to a Bible during non-working hours. Tenn. Code. Ann. § 41-21-211 ("Each inmate shall be provided with a Bible, which the inmate may be permitted to peruse in the inmate's cell at such times as the inmate is not required to perform prison labor.").

Because Plaintiff alleges facts from which the Court may infer that these alleged violations were a result of official policies, his claim may proceed against Captain Youker in his official capacity, which is functionally a claim against Williamson County itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The First Amendment and state-law claims will also proceed against Captain Youker in his individual capacity, but any individual-capacity RLUIPA claim will

be dismissed. *See Haight v. Thompson*, 763 F.3d 554, 569−70 (6th Cir. 2014) (RLUIPA does not permit money damages against prison officials in their individual capacities).

### 2. All Other Defendants

Plaintiff alleges that all Defendants are employed by the Williamson County Sheriff's Office. (Doc. No. 1 at 2−6). Plaintiff's official-capacity claims against these Defendants are therefore redundant to the official-capacity claims against Captain Youker, and they will accordingly be dismissed. *See Jackson v. Shelby County Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) (affirming grant of summary judgment as to redundant official-capacity claims).

Plaintiff has failed to state an individual-capacity claim for which relief may be granted against any Defendant other than Captain Youker. As explained above, RLUIPA does not authorize individual-capacity claims for damages. *Haight*, 763 F.3d at 569−70. As to the First Amendment claims, Plaintiff has not alleged facts from which the Court may infer that any of these Defendants were involved in the alleged decision to ban physical Bibles at the Williamson County Jail or the alleged decision to deny access to electronic religious materials at night. He has therefore failed to state a claim against these Defendants for which relief may be granted based on the First Amendment or Tennessee law. *See Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) ("To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violations.").

### IV.  MOTION TO APPOINT COUNSEL

"[A]n indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The appointment of counsel for a civil litigant is a matter within the discretion of the district court

7

and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604−05 (6th Cir. 1993). Here, Plaintiff has not demonstrated exceptional circumstances that require the appointment of counsel. He asserts that the appointment of counsel is necessary "for a fair trial and fear of further retaliation." (Doc. No. 5 at 1). But he does not explain why the risk of unfair trial or retaliation is greater in this case than in any other civil action brought by a pro se incarcerated individual. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. No. 5) will be denied without prejudice.

### V.  MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a Motion for Temporary Restraining Order ("TRO Motion"). (Doc. No. 11). "Each motion for a TRO must be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order." M.D. Tenn. L.R. 65.01(b). Plaintiff's TRO Motion is not accompanied by a memorandum of law or a proposed order. (Doc. No. 11). The TRO Motion includes an "Affidavit," but it is not made under penalty of perjury as required by 28 U.S.C. § 1746. Because the TRO Motion does not comply with these requirements, it will be denied without prejudice.

Additionally, a TRO motion may not be granted unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "If the movant is not represented by counsel, the *pro se* moving party must certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. L.R. 65.01(c). Here, the TRO Motion does not comply with either prong of Rule 65(b)(1). For this reason, too, it will be denied without prejudice.

8

## VI. MOTION FOR EMERGENCY INJUNCTION

The Court construes Plaintiff's Motion for Emergency Injunctive Relief (Doc. No. 7) as a motion for preliminary injunction. Captain Younker must respond to this Motion on or before the deadline to file a responsive pleading or motion to dismiss. The Court will rule on the Motion in due course once it is fully briefed.

## VII. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

The Complaint states viable claims against Captain Youker under the First Amendment, RLUIPA, and Tennessee Code § 41-21-211. The First Amendment and state-law claims **SHALL PROCEED** against Captain Youker in his individual and official capacities. The RLUIPA claim **SHALL PROCEED** against Captain Youker only in his official capacity.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Captain Youker. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process,

the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

All claims against all Defendants other than Captain Youker are **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate these Defendants on the docket.

Plaintiff's Motion to Appoint Counsel (Doc. No. 5) is **DENIED** without prejudice.

Plaintiff's TRO Motion (Doc. No. 11) is **DENIED** without prejudice.

Captain Youker **SHALL** respond to Plaintiff's Motion for Emergency Injunctive Relief (Doc. No. 7) on or before the deadline to file a responsive pleading or motion to dismiss.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE