# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL VANN DOBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:25-cv-01172** |
| **v.** | ) | **District Judge Campbell** |
| | ) | **Magistrate Judge** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT CHAD YOUKER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS ACTION AND MOTION TO INTERVENE

---

Defendant Chad Youker, individually and in his official capacity as an employee of Williamson County, Tennessee, by and through his undersigned counsel, respectfully submits this response in opposition to Plaintiff's "Motion to Certify Class Action" (DE 27), Plaintiff's "Motion for Proposed Class Definition" (DE 31), the first joint "Motion to Intervene" (DE 30), the second joint "Motion to Intervene" (DE 34) and the individual "Motion to Intervene" (DE 32).

## I. Class certification is inappropriate in this case.

Plaintiff's motions for class certification (DE 27) and proposed class definition (DE 31) should be denied. Under Fed. R. Civ. P. 23(a), certain prerequisites must be met for class certification. A class may be certified only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact; (3) the claims of the representative party are typical of the class; and (4) the representative party is able to fairly and adequately protect the interests of the class. Courts have broad discretion in denying class certification. *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001) (citing *Stout v. J.D. Byrider*,

228 F.3d 709, 716 (6th Cir. 2000)). Here, even if Plaintiff could meet the first three requirements, his motion for class certification should be denied because he cannot meet the fourth.

Class certification would be improper here because Plaintiff is not an adequate representative of the class. Plaintiff is a pro se inmate and this Court and the Sixth Circuit have consistently held that pro se inmates are not able to fairly and adequately represent a class. *See Palasty*, 15 Fed. Appx. at 200 (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Heard v. Caruso,* 351 F. App'x 1, 15 (6th Cir. 2009); *Taylor v. Brun*, No. 1:24-CV-0082, 2024 U.S. Dist. LEXIS 165225, at *2-3 (M.D. Tenn. 2024).

Further, the motions related to class certification should be denied where, as here, there is a pending motion to dismiss (DE 21 & 22). *Greenburg v. Hiner*, 173 Fed. Appx. 367, 371 n.2 (6th Cir. 2006) ("the usual and preferred practice is to rule on any pending motion to dismiss before addressing class certification.") (collecting cases).

For these reasons, the "Motion to Certify the Class" (DE 27) and "Motion for Proposed Class Definition" (DE 31) should be denied.

## II.     The motions to intervene (DE 30, 32, 34) should be denied.

### A.  The joint motions to intervene (DE 30 & 34) fail because they are not signed by the proposed intervenors.

Both joint motions to intervene (DE 30 & 34) are improper. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). None of the proposed intervenors signed either motion. Plaintiff, Michael Van Dobbs, is the only person who signed, but he cannot represent the interests of the proposed intervenors. A party cannot appear pro se "where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

Even though Plaintiff can represent himself pro se, he cannot file and sign the motion on behalf of others. Thus, both joint motions to intervene (DE 30 & 34) should be denied.

**B. The individual "Motion to Intervene" (DE 32) by Robert Gordon fails because it attempts to unlawfully circumvent the requirements of the Prison Litigation Reform Act.**

Robert Gordon has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Gordon filed a grievance on January 18, 2025 alleging that the removal of his religious books amounted to theft under $500 and asking for compensation and to file a police report with Franklin PD. (Affidavit of Chad Youker 1/22/2026 ("Youker Aff. 1/22/2026"), Ex. A.)  Jail staff responded to the grievance explaining that items were removed during a search because they were not in compliance with one or more jail rules. (Youker Aff. 1/22/2026, Ex. A.)  Because Gordon's grievance alleged theft and made no mention of any alleged violation of religious rights, it was not sufficient to exhaust his administrative remedies. Even if the content of the original grievance had been sufficient to exhaust the claims he now seeks to intervene to raise, he failed to exhaust administrative remedies because he did not appeal the grievance. (Youker Aff. 1/22/2026, ¶ 8).  The jail's requirements define the boundaries of proper exhaustion and an appeal is a required step of the jail's grievance procedure.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); (Youker Aff. 1/22/2026, ¶ 7.)  Inmates cannot circumvent the exhaustion requirement by intervening in another's lawsuit. See *Cooey v. Strickland*, No. 2:04-cv-1156, 2007 U.S. Dist. LEXIS 67390, at * 13-14 (S.D. Ohio 2007) (prohibiting inmates from intervening before exhausting administrative remedies). Accordingly, Gordon's motion to intervene (DE 32) should be denied because he failed to exhaust his administrative remedies.

Even if Gordon had exhausted administrative remedies, he may not circumvent the filing fee, screening and other requirements of the PLRA by intervening in another inmate's action.  *See*

*Martin v. IRS,* No. 5:21-cv-229, 2022 U.S. Dist. LEXIS 15547, at *1 (M.D. Ga. Jan. 18, 2022). Robert Gordon has filed an independent suit against Defendant alleging the same claim, which is the proper avenue for the claim to be screened in compliance with the requirements of the PLRA. Accordingly, his individual "Motion to Intervene" (DE 32) should be denied.

**C. The Motions to Intervene fail to meet the requirements of Fed. R. Civ. P. 24.**

Even if the motions were proper, intervention is inappropriate. The requirements for intervention as of right have not been met. Under Fed. R. Civ. P. 24(a), a court *must* allow a party to intervene if they are "given an unconditional right to intervene by a federal statute," or if the party claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party pursuing intervention under Rule 24(a)(2), must show (1) the motion was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the intervenor's interest. *McGee v. Genevis*, No. 1:19-cv-0024, 2019 U.S. Dist. LEXIS 152264, at *4 (M.D. Tenn. 2019) (citing *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2009)).

Here, the threshold requirements of Fed. R. Civ. P. 24(a) have not been met. There is no unconditional right to intervene by federal statute, nor do the proposed intervenors claim an interest relating to property or a transaction that is the subject of the original action such that disposing of the original action would impair or impede their ability to protect their interests. The proposed intervenors have not made any showing that their ability to protect their own legal interests would be impaired in the absence of intervention. The only allegation in the first joint "Motion to

Intervene" (DE 32) is that each inmate has a claim identical to the Plaintiff's, so filing multiple duplicate lawsuits would be impracticable. However, this argument is unavailing because as explained below, multiple-plaintiff inmate litigation presents even more difficulties and in any event that argument would apply to class certification under Rule 23 but does not address the Rule 24(a)(2) requirements. The second joint "Motion to Intervene" (DE 34) presents no arguments whatsoever. The proposed intervenors bear the burden of proving that they meet each of the requirements and they have not done so. Accordingly, their claim for intervention as of right fails.

The claim for permissive intervention also fails. Under Fed. R. Civ. P. 24(b), a court *may* allow a party to intervene if the party is "given an unconditional right to intervene by a federal statute," or the party has "a claim or defense that shares with the main action a common question of law or fact." A district court has discretion in making this determination, but "must consider whether the intervention will unduly delay or prejudice the adjudication of the original party's rights." *McGee v. Genevis*, 2019 U.S. Dist. LEXIS 152264, at *5 (citing *Frank Betz Assoc., Inc. v. J.O. Clark Construction, LLC*, No. 3:08-cv-00159, 2010 U.S. Dist. LEXIS 55193, at *1 (M.D. Tenn. 2010)).

There is no unconditional right to intervene granted by federal statute and while the movants allege that their claims involve common questions of law and fact, permissive intervention is not appropriate because adding 44 additional parties would unduly delay the litigation. See *Meeks v. Schofield*, No. 3:12-cv-545, 2013 U.S. Dist. LEXIS 61463, at *12-13 (M.D. Tenn. 2013) (denying intervention of five additional inmates because it would prolong and burden discovery). "Pervasive impracticalities associated with multiple-plaintiff prisoner litigation… militate against it." *Jones v. Esquivel*, No. 1:23-cv-00112, 2023 U.S. Dist. LEXIS 220436, at *10 (E.D. Tenn. July 13, 2023) (quoting *Boussum v. Wash.*, 649 F. Supp. 3d 525 (E.D.

Mich. Jan. 5, 2023)). Jail populations are "notably transitory, making joint litigation difficult." *Boussum*, 649 F. Supp. 3d at 528. Individual plaintiffs must each meet the PLRA exhaustion requirements, thereby requiring individualized resolutions of questions of law and fact. *Id.* Matters are further complicated because all proposed intervenors are inmates and their signatures are required on every pleading. *Id*. Courts have noted the difficulty of obtaining multiple inmate signatures on a document. *Id.* Because it would make the litigation more difficult to manage, permissive intervention is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendant Youker respectfully requests that Plaintiff's "Motion to Certify Class Action" (DE 27), Plaintiff's "Motion for Proposed Class Definition" (DE 31), the first joint "Motion to Intervene" (DE 30), the second joint "Motion to Intervene" (DE 34) and the individual "Motion to Intervene" (DE 32) be denied.

Respectfully submitted,

/s/ Lee Ann Thompson
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on the ___ day of January 2026 to:

Michael Vann Dobbs, #15
Williamson County Jail
408 Century Court
Franklin, TN 37064

Robert Gordon
Williamson County Jail
408 Century Court
Franklin, TN 37064

/s/ Lee Ann Thompson