# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL VAN DOBBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **NO. 3:25-cv-01172** |
| **v.** | ) **District Judge Campbell** |
| | ) **Magistrate Judge Holmes** |
| **CHAD YOUKER,** | ) |
| | ) |
| **Defendant.** | ) |

---

## DEFENDANT CHAD YOUKER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

Comes Defendant Chad Youker ("Captain Youker") and respectfully submits this response in opposition to Plaintiff's Motion to Compel Discovery. [DE 35]. For the reasons set forth below, Plaintiff's motion should be denied.

### INTRODUCTION

On January 2, 2026, Defendant filed a Motion to Stay Proceedings Pending Resolution of Motion to Dismiss ("Motion to Stay").[1] [DE 23]. While that motion was and currently is still pending, Plaintiff served the discovery requests the responses to which Plaintiff now seeks to compel. Plaintiff's motion, however, must be denied as (1) Plaintiff's motion is premature, (2) Plaintiff has not shown that any discovery responses are overdue, and (3) compelling Captain Youker to respond to discovery requests would place undue burden and expense on Captain Youker and undermine the principle of judicial economy.

---

[1] Youker's Motion to Dismiss raises, among other things, his entitlement to qualified immunity. [DE 21].

**ARGUMENT**

I.     **Plaintiff's Motion to Compel is Premature as Captain Youker's Motion to Stay Remains Pending.**

The Court should deny the Plaintiff's Motion to Compel because compelling a response at this stage would effectively nullify Captain Youker's pending Motion to Stay. It is widely accepted that the scope of discovery is within the sound discretion of trial courts. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Further, limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W. A. Foote Memorial Hospital, Inc.*, 70 F.3d 422, 430 (6th Cir. 1995).

The Court should exercise this power here, as compelling Captain Youker to respond to discovery requests at this time would preempt the Court's ruling on the Motion to Stay. Doing so would effectively deny Captain Youker's motion before the Court even has a chance to rule on it, creating a nonsensical result and procedural absurdity. The Court would be required to decide a Motion to Compel Discovery despite the fact that Captain Youker has already properly asked the Court to stay the proceedings, including discovery. Accordingly, Plaintiff's Motion to Compel should be denied.

II.     **Plaintiff has not Shown that any Discovery Responses are Overdue.**

Plaintiff has failed to establish that Defendant's responses are overdue. Plaintiff's motion states that "Defendant has failed to comply with Rule 34" and that "No objections were made by Defendant within 30 days" but does not identify specific discovery requests that he claims went unanswered. [DE 35]. While he attaches a "First Set of Interrogatories" to his Motion [DE 35-1],

that discovery reflects that Plaintiff served same on counsel for Youker on January 13, seven days before filing the Motion. [DE 35-1]. Accordingly, Plaintiff has not demonstrated any failure by Defendant to timely respond. Without such a showing, the Motion to Compel lacks foundation and should be denied. *See,* Fed. R. Civ. P. 37(a)(3)(B) (motion to compel is appropriate only if party fails to answer or produce after proper request). Without this foundational showing, the Court cannot verify that responses are indeed "overdue" or otherwise deficient. Accordingly, Plaintiff's motion should be denied.

### III. Compelling Captain Youker to Respond to Plaintiff's Discovery Requests at this Time would Place Undue Burden and Expense on Captain Youker and Undermine the Principle of Judicial Economy.

The Federal Rules of Civil Procedure are designed to promote the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The Court's power to stay discovery "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," including while preliminary questions that may resolve the case are pending. *Harmer v. Cannata*, No. 3:22-cv-00976, 2023 U.S. Dist. LEXIS 31018, at *2 (M.D. Tenn. Feb. 24, 2023) (*quoting Nissan North America, Inc. v. DeltaWing Project 56, LLC*, 2015 U.S. Dist. LEXIS 160882, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015).

For the purpose of ensuring the most efficient economy of time and effort for the Court and the litigants, Plaintiff's Motion to Compel should be denied. Forcing Captain Youker to engage in time-consuming discovery while his Motion to Stay and Motion to Dismiss are pending fails to promote the most efficient economy of time and effort and places undue burden on Captain Youker. Captain Youker has sought a stay to avoid the costs of litigation in a case that may be dismissed, and because his Motion to Dismiss is grounded in part in his right to qualified immunity,

he is entitled to the stay requested. Compelling responses now undermine the immunity from suit to which Captain Youker is entitled by circumventing those pending motions. As such, Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, Captain Youker respectfully requests that Plaintiff's Motion to Compel be denied pending resolution of Captain Youker's pending Motion to Dismiss, or at minimum, his pending Motion to Stay.

Respectfully submitted,

/s/ Lisa M. Carson
Lisa M. Carson, BPR #014782
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lcarson@buergerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been filed via the court's electronic filing system and delivered by U.S. mail to:

Michael Vann Dobbs, #15
Williamson County Jail
408 Century Court
Franklin, TN 37064

on this the 2nd day of February, 2026.

/s/ Lisa M. Carson