IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **MICHAEL VAN DOBBS #15** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:25-01172** |
| | ) | |
| **CHAD YOUKER** | ) | |

**TO: Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

By Memorandum Opinion and Order entered November 25, 2025 (Docket Entry No. 12), this *pro se* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motions for class certification (Docket Entry Nos. 27 and 31) be **DENIED**.

### I. BACKGROUND

Michael Van Dobbs ("Plaintiff") is currently a pretrial detainee in the custody of the Williamson County Jail ("Jail") in Franklin, Tennessee. On October 10, 2025, he filed this lawsuit *pro se* and *in forma pauperis* against Chad Youker, a captain at the Jail, and numerous other Jail officials and/or employees based on events that occurred at the Jail in 2025. *See* Complaint (Docket Entry No. 1). Specifically, Plaintiff alleges that the Williamson County Sheriff's Office implemented a policy at the Jail on or about January 18, 2025, by which physical copies of Bible were confiscated from inmates and the inmates were instead provided with access to an electronic copy of the Bible via electronic tablets that inmates were able to access during the day.

Plaintiff alleges that Youker described the lack of access to a Bible at night as "an [oversight] on our end when we implemented the digital religious material on the tablets." *Id*. at 20. Plaintiff alleges that he was denied access to a Bible "for months" and brings claims for civil rights

violations. As relief, he seeks 25 million dollars in damages and an order that inmates be provided with access to the Bible. *Id*. at 8.

Upon initial screening of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, the court permitted the lawsuit to proceed against Youker, in both his individual and official capacities, based on claims under 42 U.S.C. 1983 for First Amendment religious infringement, under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and under Tenn. Code. Ann. § 41-21-211, which provides that "Each inmate shall be provided with a Bible, which the inmate may be permitted to peruse in the inmate's cell at such times as the inmate is not required to perform prison labor." *See* Memorandum Opinion and Order at 9. Plaintiff's claims against all other named defendants were dismissed. *Id*. at 10. The court took Plaintiff's motion for emergency injunctive relief, which was filed as part of a supplemental complaint, under advisement and directed that Defendant Youker respond to the motion on or before the deadline to file a responsive pleading or motion to dismiss. *Id*. As part of the initial screening, the court denied Plaintiff's motion for the appointment of counsel, finding that he had not demonstrated exceptional circumstances that require the appointment of counsel. *Id*. at 8.

Plaintiff shortly thereafter moved to amend his complaint in order to add allegations of unconstitutional retaliation against him by Defendant. During the pendency of the motion, Defendant (1) responded to the motion for emergency injunctive relief, *see* Docket Entry Nos. 19-20, and (2) moved to dismiss the case, as well as to stay the case until resolution of the motion to dismiss. By Order entered July 20, 2026 (Docket Entry No. 58), the court granted the motion to amend, denied without prejudice the motions to dismiss and to stay, and resolved several other motions that were then pending. As part of the order, the court specifically denied Plaintiff's renewed motion for the appointment of counsel, finding that Plaintiff had not set out circumstances

that rendered his case an exceptional case that required the appointment of counsel. *Id*. at 3. Plaintiff's amended complaint (Docket Entry No. 59) is now the operative complaint in the case and is awaiting a response from Defendant.

## II. MOTIONS FOR CLASS CERTIFICATION

Plaintiff seeks an order certifying a class of plaintiffs in this case under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that the "Bible Ban" at the Jail affects an estimated 100,000 individuals and that these individuals would all have essentially the same claims of religious infringement. Plaintiff contends that certifying a class and permitting the claims to proceed as a class action under Rule 23 is warranted and that he satisfies all the prerequisites for class certification. *See* Docket Entry Nos. 27 and 31. Defendant opposes the motion, arguing that class certification would be improper because Plaintiff, as a *pro se* inmate, is not an adequate representative of the proposed class. *See* Docket Entry No. 36.

The decision of whether to grant a motion for class certification is within the broad and substantial discretion of the trial court. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). Under Rule 23(a) of the Federal Rules of Civil Procedure, four prerequisites must exist for any class to be certified: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000), cert. denied, 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001).

Plaintiff's motions must be denied for one significant reason: he is acting *pro se*. The established law within this circuit is that a *pro se* party is not a proper representative of a class and

thus cannot meet the requirement of Rule 23(a)(4). *See Hobson v. Austin*, 2021 WL 6773558, at *2 (6th Cir. Nov. 18, 2021) ("a pro se litigant is generally not permitted to serve as a class representative or to represent other litigants."); *Ziegler v. Michigan*, 90 F.App'x. 810 (6th Cir. January 23, 2004); *Palasty v. Hawk*, 15 F.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991); *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520 at *1 (N.D. Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095 at *2 (S.D. Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, 2009 WL 793752 at *1 (M.D. Tenn. Mar. 23, 2009); *Powers v. NWA, Inc*., 2006 WL 984738 at *2 (W.D. Tenn. Apr. 13, 2006); *Collins v. Kentucky*, 2004 WL 3623342 at *1 (E.D. Ky. Oct. 22, 2004). Additionally, Plaintiff, as a *pro se* party, may represent himself in his own case but cannot make filings on behalf of another party. *See* 28 U.S.C. § 1654; *Freeman v. Southern Health Partners*, 2012 WL 4903376 at *2 (M.D. Tenn. Oct. 16, 2012) (Sharp, J.); *Powers*, *supra*.

Because all the prerequisites for class certification must be met for Plaintiff to succeed on his motions, the court's conclusion that he is not an adequate class representative is determinative and requires that the motions be dismissed. It is thus not necessary for the court to address any of the other prerequisites for class certification. *See Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013); *Myers*, 2009 WL 793752, at *4, n.5. (M.D. Tenn. Mar. 23, 2009) ("Given the dispositive nature of the plaintiff's failure to satisfy the requirement of Rule 23(a)(4), the Court has not specifically addressed the three other requirements of Rule 23(a).").

## RECOMENDATION

For the reasons set out herein, it is respectfully **RECOMMENDED** that Plaintiff's motions for class certification (Docket Entry Nos. 27 and 31) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Three (3) additional days are added to this time for service by mail. *See* Rule 6(d) of the Federal Rules of Civil Procedure. Service is complete upon mailing. *See* Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge