8-14-26

IN THE US MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

RECEIVED
AUG 27 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

MICHAEL VAN DOBBS

V CASE # 3:25-CV-01172

CHAD YOUKER

OBJECTION TO DOCUMENT 62

COMES NOW, MICHAEL VAN DOBBS, HEREBY OBJECTS & GIVE REPLY TO D62 MOTION TO DISMISS.

FIRST & FOREMOST THERE IS A CLEAR ISSUE OF MATERIAL FACT. THIS MOTION CANNOT SURVIVE A MOTION TO DISMISS THUS WOULD NOT SURVIVE A MOTION FOR SUMMARY JUDGEMENT. HERE, THE LEGAL CONCLUSIONS ARE SUPPORTED BY FACTUAL ALLEGATION, (ASHCROFT V IQBAL 556 US 662, 679 2009)

UNDER 28 USC 1291 QUALIFIED IMMUNITY SHOULD BE DENIED AT THE "MOTION TO DISMISS" STAGE AS A "FINAL DECISION"

HERE, PLAINTIFF DID EXHAUST HIS ADMINISTRATIVE REMEDIES & FILED MULTIPLE GRIEVANCE THE DEFENDANT HAS FAILED TO INCLUDE IN THEIR DECEPTIVE EXHIBITS, AS PLAINTIFF FOLLOWED ALL RULES PER DOCUMENT 64-1 BULLET D, VIA THE GRIEVANCE DROP-BOX, ON VIDEO. THE LOGBOOK SHOULD BE USED AS AN EXHIBIT PER BULLET B, AS PROOF.
EXHIBIT DOCUMENT 64-2 IS IRRELEVANT TO THIS CASE AS IT WENT INTO EFFECT ON 3/30/26, OVER A YEAR POST FILING.

(i)

THE DEFENDANT DOES NOT FOLLOW HIS OWN POLICY NOR CAN HE PROVIDE PROOF OF FOLLOWING HIS POLICY OF THE "LOG BOOK," OR "DROP BOX," THUS, ALSO VIOLATING DUE PROCESS OF THEIR OWN POLICY.
THE DEFENDANT LITERALLY CHANGED THEIR OWN POLICY TO ATTEMPT TO SIDE-STEP THEIR OWN POLICY.

YOUKER CANNOT SHOW ONE CASE THAT SHOWS 41-21-211 DOES NOT ALLOW A PRIVATE RIGHT OF ACTION WHEN PLAINTIFF IS THE BENEFICIARY OF THE STATUTE.

"BEFORE A LAW CAN BE ASSAILED BY ANY PERSON ON THE GROUND THAT IT IS UNCONSTITUTIONAL, HE MUST SHOW THAT HE HAS AN INTEREST IN THE QUESTION IN THAT ENFORCEMENT OF THE LAW WOULD BE AN INFRINGEMENT OF HIS RIGHTS. ASSAILANTS MUST THEREFORE SHOW THE APPLICABILITY OF THE STATUTE TO THEM & THAT THEY ARE THEREBY INJURIOUSLY AFFECTED" (QUOTING 16 AM JUR 2d CONSTITUTIONAL LAW § 188 1979)

HERE, YOUKER'S RIGHTS WERE NOT AFFECTED BY TCA 41-21-211 & IS WITHOUT STANDING TO CHALLENGE THE STATUTE AS HE HAS NO INJURIES OR INFRINGEMENT OF RIGHTS.

(1) PLAINTIFF IS THE BENEFICIARY OF TCA 41-21-211 (2) THERE CLEAR LEGISLATIVE INTENT THAT IMPLIES A PRIVATE REMEDY (3) AN IMPLIED CAUSE OF ACTION IS CONSISTENT WITH THE PURPOSE OF THE LEGISLATIVE

SCHEME & IMPLYING SUCH A REMEDY IS CONSISTENT WITH THE UNDERLYING PURPOSES OF LEGISLATION

THERE IS NO INDICATION TO DENY THE PRIVATE OF ACTION, PLAINTIFF IS THE INTENDED BENEFICIARIES OF THE STATUTE, AND A PRIVATE RIGHT OF ACTION IS THE ONLY WAY TO ENFORCE THE STATUTORY PROTECTION AFFORDED TO THE PLAINTIFF. THUS, PLAINTIFF HAS A PRIVATE RIGHT AS A MATTER OF LAW (INGRAM V TENN. DEPT. OF LAB & WORKFORCE DEV NO 3:12-CV-01106, 2013 WL 1965130, 6-8 M.D. TENN MAY 10 2013, AFFORDABLE CONSTR SERVS, INC V AUTO-OWNERS INS CO. 621 SW 3d 693 TENN 2021)

"LIMITING AN INMATES ACCESS TO THE RELIGIOUS LITERATURE THAT HE IS REQUIRED TO READ AS PART OF HIS PRACTICE CONSTITUTES A SUBSTANTIAL BURDEN ON HIS RELIGIOUS EXERCISE" (WASHINGTON V KLEM 497 F3d 272 282-83 3d CIR 2007) TCA 4-1-407 TRFRA WAS VIOLATED JUST AS THE RLUIPA HERE, ITS NOT ONLY A SUBSTANTIAL BURDEN TO LIMIT ACCESS BUT UNLAWFULL PURSUANT TO TCA 41-21-211 & PLAINTIFF'S FIRST AMENDMENT RIGHTS AS WELL AS TENNESSEE CONSTITUTIONAL RIGHTS IN ARTICLE 1 SECTION 3 ARE VIOLATED AS PLAINTIFF WISHES TO "WORSHIP ALMIGHTY GOD ACCORDING TO THE DICTATES OF HIS OWN CONSCIENCE ... THAT NO HUMAN AUTHORITY CAN, IN ANY CASE WHATEVER, CONTROL OR INTERFERE WITH THE RIGHTS OF CONSCIENCE, AND THAT NO PREFERENCE

SHALL EVER BE GIVEN, BY LAW, TO ANY RELIGIOUS ESTABLISHMENT OR MODE OF WORSHIP"

HERE, PLAINTIFF HAS A SINCERELY HELD "MODE OF WORSHIP" TO READ A PHYSICAL BIBLE IN HIS CELL AT NIGHT, WITHOUT FEAR OF RETALIATON. YOUKER AS A "HUMAN AUTHORITY" IS INTERFERING & CONTROLING THE RIGHT TO WORSHIP ALMIGHTY GOD ACCORDING TO THE DICTATES OF PLAINTIFF'S CONSCIENCE. THIS CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT IS VIOLATED BY YOUKER AS "ANY CASE WHATEVER" IS APPLICABLE... SINCE 1799 FREE EXERCISE ON US & TENNESSEE CONSTITUTION WAS VIOLATED.

RETALIATION CLAIMS. YOUKER'S CLAIMS THAT PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PER THE PRISON LITIGATION REFORM ACT (PRLA) ARE FACIALLY & FACTUALLY UNTRUE. PLAINTIFF FILED A GRIEVANCE PERTAINING TO A COMPLETE DENIAL OF ACCESS TO A BIBLE AND TO THE ISSUE OF BEING DENIED ACCESS TO THE TABLETS DURING NIGHTTIME HOURS & AS A METHOD OF PUNISHMENT, SINCE THIS WAS SUPPOSEDLY HIS PROVISION TO EXERCISE HIS RIGHT — A PATHETIC ATTEMPT TO JUSTIFY THE REMOVAL & COMPLETE DENIAL OF PHYSICAL BIBLES, SINCE THE PDF COPY AVAILABLE ON THE TABLET IS UNREADABLE & NOT SUITABLE FOR STUDY. PLAINTIFF FIRST COMPLAINED TO STAFF MEMBERS DURING THEIR HOURLY WALKTHROUGH. THEN, PLAINTIFF FILED GRIEVANCES VIA THE KIOSK SYSTEM THAT WERE SUBSEQUENTLY DELETED. FINALLY, PLAINTIFF FILED MULTIPLE GRIEVANCES PERTAINING TO BOTH, THE COMPLETE DENIAL OF BIBLES (SINCE THE PDF COPIES OF RELIGIOUS TEXTS ON THE TABLETS ARE UNREADABLE & UNSUITABLE FOR STUDY) AND THE RESTRICTION OF ACCESS DURING NIGHTTIME HOURS (SINCE THIS WAS ADMINISTRATION'S SUPPOSED WORK-AROUND FOR THEIR CONFISCATION OF BIBLES. THESE ARE ALL OF THE ADMINISTRATIVE REMEDIES AVAILABLE TO PLAINTIFF AS A MATTER OF FACT & POLICY

AND EACH WAS APPROPRIATELY & CONTINUALLY EXHAUSTED, IN ACCORDANCE WITH THE LAW. IF COPIES OF THESE GRIEVANCES NO LONGER EXIST, IT IS BECAUSE THEY WERE LOST AND/OR DELETED/DESTROYED BY YOUKER AND/OR HIS SUBORDINATES.

LIKEWISE, PLAINTIFF NOTIFIED STAFF DURING THEIR HOURLY WALKTHROUGH OF YOUKER'S RETALIATION AGAINST HIM ON OCTOBER 23, 2025, NOVEMBER 5, 2025 & NOVEMBER 17, 2025, IN ACCORDANCE WITH POLICY, AND IMMEDIATELY FILED GRIEVANCES VIA THE GRIEVANCE DROP-BOX SYSTEM, PER POLICY, WITHIN SEVEN DAYS OF BEING RETALIATED-AGAINST.

PLAINTIFF CLEARLY FOLLOWED JAIL POLICY & EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE TO HIM IN ACCORDANCE WITH THAT POLICY. ALTHOUGH THIS POLICY IS "A MATTER OF PUBLIC RECORD," IT IS NOT ACCESSIBLE TO INMATES WITHIN THE FACILITY. GRIEVANCE PROCEDURES ARE NOT POSTED ANYWHERE THAT INMATES ARE ABLE TO ACCESS. YOUKER DOES NOT MAKE IT AVAILABLE & DOES NOT IN ANY WAY MAKE THE GRIEVANCE SYSTEM OR PROCEDURES KNOWN TO INMATES PRECISELY SO HE CAN MAKE CLAIMS LIKE THESE WHEN HE IS INEVITABLY SUED FOR HIS MANY ABUSES AGAINST SAID INMATES. IN THIS CASE, HOWEVER, PLAINTIFF DID EVERYTHING HE COULD THINK OF TO ATTEMPT TO RECTIFY THIS GRIEVOUS ASSAULT ON HIS RIGHTS, INCLUDING IMMEDIATELY NOTIFYING STAFF MEMBERS (VERBAL GRIEVANCE), FILING ELECTRONIC GRIEVANCES WITHIN SEVEN DAYS (THAT WERE DELETED BY STAFF), AND FILING GRIEVANCES VIA THE GRIEVANCE DROP-BOX SYSTEM, ALSO WITHIN SEVEN DAYS, IN ACCORDANCE WITH POLICY. COPIES OF THE DEPUTY GRIEVANCE LOGBOOK & OF THE GRIEVANCES FILED VIA THE DROP-BOX SYSTEM SHOULD BE AVAILABLE, IF YOUKER DID NOT DELETE OR DESTROY THIS MATERIAL EVIDENCE. PLAINTIFF HAS OBVIOUSLY EXHAUSTED ALL OF THE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM, PER PRLA, MANY, MANY TIMES-OVER, AND THIS LIE THAT HE HAS NOT WAS FABRICATED IN AN ATTEMPT TO SUBVERT & OBSTRUCT JUSTICE.

FIRST AMENDMENT RETALIATION. PLAINTIFF WAS RETALIATED-AGAINST FOR ENGAGING IN PROTECTED CONDUCT, TO WIT: PETITIONING THE GOVERNMENT FOR REDRESS OF GRIEVANCES, AN ACT PROTECTED BY THE FIRST AMENDMENT OF THE U.S. CONSTITUTION CONCERNING THE STATE'S DENIAL OF HIS FIRST AMENDMENT RELIGIOUS PROTECTIONS. YOUKER TOOK ADVERSE ACTIONS AGAINST PLAINTIFF, WHICH DETERRED HIM FROM ENGAGING IN PROTECTED CONDUCT, AND YOUKER'S ACTIONS WERE CLEARLY MOTIVATED BY PLAINTIFF'S PROTECTED CONDUCT. (PER KRATOCHVIL V. STRADA, NO. 3:24-CV-01042, 2026 U.S. DIST. LEXIS 71687, AT *17 (M.D. TENN. 2026) (CITING HILL V. LAPPIN, 630 F.3d 468, 472 (6TH CIR. 2010)) DESPITE YOUKER'S COUNTER-CLAIMS, THAT IS A PRETTY OBVIOUS CLAIM FOR RETALIATION.

ALTHOUGH PLAINTIFF'S SUIT WAS FILED AFTER YOUKER RETALIATED, YOUKER WAS PLAINLY AWARE OF PLAINTIFF'S INTENT TO SUE ON THESE GROUNDS, FIRSTLY, BECAUSE YOUKER AND HIS SUBORDINATES ACCESS HIS COMMUNICATIONS (INCLUDING MAIL, LEGAL MAIL & ELECTRONIC & TELEPHONE COMMUNICATIONS), AND MOST CRITICALLY, HIS MANY, MANY GRIEVANCES FILED PRIMARILY VIA THE GRIEVANCE DROP-BOX SYSTEM WHICH CLEARLY DETAILED HIS INTENT TO FILE SUIT IN RELATION TO THE "BIBLE BAN" WHICH SUBSTANTIALLY & NEGATIVELY IMPACTED PLAINTIFF. DEFENDANT WAS AWARE OF THE SUIT BEFORE IT WAS FILED & DID EVERYTHING HE COULD TO DETER & DISCOURAGE ITS FILING.

SETTING ASIDE THE TIMELINE, SINCE DEFENDANT OBVIOUSLY WAS AWARE OF THE SUIT PRIOR TO ITS FILING & REFERENCED THE SUIT WHEN HE RETALIATED AGAINST PLAINTIFF, DEFENDANT NOW CLAIMS THE ABUSE ENDURED BY PLAINTIFF ON OCTOBER 10, 2025 MAY BE UNTRUE. DEFENDANT CLAIMS THIS BECAUSE OF SUPPOSED STATEMENTS MADE BY INMATE JAMES DALTON, WHO WAS NOT EVEN HOUSED IN POD 644 WITH PLAINTIFF AT THE TIME OF RETALIATION. DALTON WAS NOT PRESENT, SO OF COURSE HE HAS NO KNOWLEDGE OF THE RETALIATION ON THAT DATE & WAS NOT PARTY TO IT — SOMETHING THAT CAN BE PROVEN WITH COPIES OF CLASSIFICATIONS & HOUSING REPORTS,

AS WELL AS BY STATEMENTS FROM GORDON (GORDON V. YOUKER), PLAINTIFF, AND OTHERS WHO WERE ACTUALLY HOUSED IN THAT UNIT AT THAT TIME. ADDITIONALLY, YOUKER DID ALL OF THIS ON VIDEO. PLAINTIFF PRAYS THE RECORDINGS FROM OCTOBER 10, 2025 ARE PLAYED BEFORE THIS COURT, AS THEY WILL PROVE, BEYOND ANY DOUBT, PLAINTIFFS' CLAIMS.

PLAINTIFF IS NOT MERELY CLAIMING VERBAL HARASSMENTS, BUT ACTS PERPETRATED BY YOUKER WHICH MADE HIM FEAR FOR HIS LIFE + SAFETY + CREATED A HOSTILE ENVIRONMENT FOR HIM DUE TO HIS INTENT TO FILE SUIT. ON OCTOBER 10, 2025, YOUKER ENTERED PLAINTIFFS' HOUSING LOCATION, SCREAMING THREATS ABOUT DROPPING THE SUIT AND RIPPING THE TV'S POWER CORD OUT OF THE SOCKET + SINGLING-OUT THE PLAINTIFFS, INMATES DOBBS + GORDON, PULLING THEM OUTSIDE THE HOUSING LOCATION + FURTHER THREATENING + HARASSING THEM, CAUSING PLAINTIFF TO FEAR FOR HIS SAFETY. LIKEWISE, RESTRICTING THE POD'S TV PRIVILEGES CREATED A HOSTILE ENVIRONMENT FOR PLAINTIFF, SINCE INMATES BLAMED HIM FOR THE RESTRICTION. THIS WAS OBVIOUSLY THE INTENT OF YOUKER WHEN HE PLACED THE RESTRICTION, SINCE HE STATED AS MUCH WHEN HE YANKED THE POWER CORD FROM ITS SOCKET. THESE ARE NOT "MINOR THREATS." PLAINTIFF FEARED FOR HIS SAFETY DUE TO THE CONDUCT OF YOUKER, WHO GOVERNS VIRTUALLY EVERY ASPECT OF HIS LIFE (SINCE HE IS INCARCERATED) AND WHO CREATED A HOSTILE ENVIRONMENT, ENCOURAGING OTHER INMATES IMPACTED BY THE RETALIATORY CONDUCT TO ALSO RETALIATE AGAINST PLAINTIFF, THUS PLACING HIM IN GRAVE DANGER OF LIFE + LIMB.

ALTHOUGH SEARCHES OF INMATE CELLS MAY BE A NORMAL PART OF INCARCERATION, PLAINTIFF WAS SPECIFICALLY TARGETED FOR THESE RAIDS, HIS LEGAL PAPERWORK WAS TAMPERED WITH + DESTROYED IN THESE RAIDS — OBVIOUSLY TO DETER + DISCOURAGE HIS RIGHT TO ENGAGE IN PROTECTED ACTS — AND THERE WAS NO LEGITIMATE PENOLOGICAL PURPOSE FOR RAIDING PLAINTIFF

(SPECIFICALLY) ON THE DATES IN QUESTION. THESE RAIDS WERE OBVIOUSLY DIRECTLY RELATED TO THE LAWSUIT, PARTICULARLY IN LIGHT OF THE DESTRUCTION OF PLAINTIFF'S LEGAL PAPERWORK. THE FACTS CLEARLY ESTABLISH RETALIATION. AGAIN, PLAINTIFF HAD KNOWLEDGE OF THE LAWSUIT PRIOR TO SERVICE, AND HE PLAINLY REFERENCED THE SUIT IN HIS TIRADE ON OCTOBER 10, 2025. YOUKER IS THE CHIEF ADMINISTRATOR OF THE JAIL — TO SUGGEST HE WAS NOT INVOLVED WITH THE SEARCHES IS ABSURD. HE IS THE WARDEN. SEARCHES DO NOT HAPPEN WITHOUT HIS GO-AHEAD, & EITHER THE TARGETED SEARCHES RESULTING IN THE DESTRUCTION OF PLAINTIFF'S LEGAL PAPERWORK FOLLOWING YOUKER'S THREATS ON OCTOBER 10, 2025 WERE THE MOST SPECTACULAR & ABSURD EXAMPLES OF COINCIDENCE IN HUMAN HISTORY OR THEY WERE RELATED. WHY ELSE WOULD PLAINTIFF BE TARGETED FOR SEARCHES RESULTING IN THE DESTRUCTION OF HIS LEGAL PAPERWORK IN THE WEEKS IMMEDIATELY FOLLOWING YOUKER'S THREATS AGAINST HIM? PLAINTIFF IS NOT ATTEMPTING TO INSULATE HIMSELF FROM ROUTINE ACTS OF PRISON MANAGEMENT. HE IS SIMPLY ASSERTING HIS RIGHT TO BE FREE FROM RETALIATION FOR ENGAGING IN PROTECTED ACTS.

QUALIFIED IMMUNITY. IS THE DEFENDANT CLAIMING THAT THE RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES IS "INSUBSTANTIAL" OR THAT INFRINGING ON THAT RIGHT IS "INSUBSTANTIAL"? SHOULD YOUKER NOT HAVE "REASONABLY KNOWN" THAT RETALIATING AGAINST PLAINTIFF FOR FILING GRIEVANCES & A LAWSUIT PERTAINING TO HIS FIRST AMENDMENT RELIGIOUS RIGHTS WAS A VIOLATION OF THE U.S. CONSTITUTION AND A HOST OF STATE & LOCAL STATUTES? YOUKER IS A LAW ENFORCEMENT CAPTAIN IN CHARGE OF A JAIL! THIS WAS NOT AN OVERSIGHT OR MISTAKE IN JUDGMENT. THIS IS AN INTENTIONAL, WILLFUL VIOLATION OF RIGHTS YOUKER WAS MOST CERTAINLY AWARE HE WAS INFRINGING UPON. THIS IS AN OBVIOUS CASE WHERE THE STANDARD PROVIDES THE ANSWER. OBVIOUSLY, RETALIATING TO DETER FIRST AMENDMENT RIGHTS VIOLATES PLAINTIFF'S CONSTITUTIONAL RIGHTS AND IT HAS BEEN CLEARLY ESTABLISHED.

THUS IS THE FIRST AMENDMENT TO THE U.S. CONSTITUTION. IT IS PLAIN LANGUAGE CLEARLY ESTABLISHED SINCE 1788 & THE VERY BEDROCK OF OUR SOCIETY. AMERICAN PUBLIC SCHOOL STUDENTS LEARN ABOUT FIRST AMENDMENT PROTECTIONS IN SIXTH GRADE. IT IS COMMON KNOWLEDGE IN OUR SOCIETY THAT THE PURPOSE OF THE BILL OF RIGHTS IS TO CLEARLY ESTABLISH PROTECTIONS FOR ESSENTIAL RIGHTS FROM STATE ACTORS LIKE YOUKER. IF THE STATE ACTORS THE STANDARD PERTAINS TO CLAIM TO BE UNAWARE OF THE STANDARD, THEY SHOULD NOT BE STATE ACTORS! IGNORANCE IS NO EXCUSE FOR TYRANNY, & IT IS NOT REASONABLE TO SUGGEST YOUKER WAS NOT AWARE OF HIS DUTY TO PROTECT PRISONERS' FIRST AMENDMENT RIGHTS. THE DEFENSE IS UNCLEAR. ARE THEY COMPLAINING THAT PRISONERS' RIGHTS TO ACCESS BIBLES IS AT ISSUE HERE, OR THAT INFRINGING ON PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES IS AT ISSUE? AND WHICH IS NOT CLEARLY ESTABLISHED? THE DEFENDANT CLEARLY NEEDS TO READ THE BILL OF RIGHTS. THE U.S. AND TENNESSEE CONSTITUTIONAL PROTECTIONS FOR BOTH ISSUES ARE CLEARLY ESTABLISHED, CONTROLLING LAW. QUALIFIED IMMUNITY DOES NOT APPLY TO YOUKER IN THIS CASE, SINCE THE STANDARD WAS CLEARLY ESTABLISHED & HE REASONABLY SHOULD HAVE KNOWN IT WAS CLEARLY ESTABLISHED.

PLAINTIFF'S SINCERELY-HELD RELIGIOUS BELIEFS REQUIRE REGULAR, DAILY BIBLE READING & RIGOROUS STUDY. DEFENDANT HAS EVEN TAKEN CREEPY PHOTOS OF PLAINTIFF READING THE BIBLE IN HIS UNDERWEAR — DEFENDANT'S OWN STRANGE & INTRUSIVE EXHIBITS PROVE THE IMPORTANCE OF CONTINUOUS BIBLE STUDY TO THE PLAINTIFF. THE DEFENSE WISHES TO QUOTE TURNER V. SAFLEY. OKAY, WHAT IS THE LEGITIMATE PENALOGICAL INTEREST THAT REQUIRED THE CONFISCATION OF ALL PAPERBACK BIBLES WITHIN THE FACILITY? WHY ARE HARD-COPY BIBLES AVAILABLE TO PRISONERS & INMATES IN VIRTUALLY EVERY OTHER PENALOGICAL INSTITUTION IN OUR COUNTRY? WHY WERE HARD-COPY BIBLES RETURNED TO INMATES AFTER THIS SUIT WAS FILED, AND WHY COULD INMATES HAVE SECULAR BOOKS DELIVERED FOR THEIR POSSESSION AT THE SAME TIME THE BAN WAS IN PLACE? GOOD LUCK JUSTIFYING THESE FACTS IN LIGHT OF A LEGITIMATE PENALOGICAL INTEREST. TO ADDRESS THE THREE CONSIDERATIONS CITED FROM TURNER V. SAFLEY, THE ONLY ALTERNATIVE AVAILABLE TO PLAINTIFF WAS AN UNREADABLE PDF COPY OF THE BIBLE THAT WAS LOADED ONTO TABLETS

THAT INMATES DO NOT HAVE 24-HOUR ACCESS TO, THAT ARE REGULARLY RESTRICTED DURING NIGHT TIME HOURS & FOR PUNISHMENT. SECONDLY, CLEARLY, ACCOMMODATING THE PRISONER DID NOT & WOULD NOT AFFECT GUARDS OR OTHER INMATES OR THE ALLOCATION OF PRISON RESOURCES, SINCE PLAINTIFF POSSESSED A BIBLE PRIOR TO THE BAN & BIBLES HAVE SINCE BEEN RETURNED TO THE FACILITY. SECULAR BOOKS WERE ALSO PERMITTED AT THE SAME TIME THE BAN WAS IN PLACE. FINALLY, NO "OBVIOUS" OR "EASY" ALTERNATIVES EXISTED, SINCE THE PDF COPIES OF BIBLES AVAILABLE TO INMATES (ONLY DURING SELECT HOURS) WERE UNREADABLE AND CERTAINLY NOT SUITABLE FOR STUDY. IT ISN'T LIKE THE PLAINTIFF IS REQUESTING ACCESS TO STAINLESS STEEL ROSARY BEADS. HE IS REQUESTING A PAPERBACK BIBLE — THE CHIEF LITERARY CANON FOR HIS SINCERELY HELD RELIGIOUS BELIEFS. EVEN IF THE PDF COPIES AVAILABLE ON THE TABLETS WERE READABLE & SUITABLE FOR STUDY (THEY ARE NOT), RESTRICTING ACCESS TO THE BIBLE MORE THAN HALF OF EVERY DAY IS CERTAINLY A SUBSTANTIAL BURDEN. PLAINTIFF'S BELIEFS REQUIRE RIGOROUS BIBLE STUDY THROUGHOUT THE DAY & NIGHT, AT THE CONVICTION & URGING OF THE HOLY SPIRIT. THE DEFENSE IS ARGUING THAT PLAINTIFF DOES NOT HAVE A RIGHT TO REQUIRE PRISON OFFICIALS TO PURCHASE OR PROVIDE RELIGIOUS MATERIALS. THAT IS IRRELEVANT BECAUSE PLAINTIFF POSSESSED A BIBLE & THAT BIBLE WAS CONFISCATED AS PART OF THIS BIBLE BAN. IT IS ALSO A FACT THAT PLAINTIFF WAS DENIED ACCESS TO THE TABLETS FOR MONTHS, CONTRARY TO THE DOWNRIGHT LIES OF THE DEFENSE. THEY WILL CLEARLY DO OR SAY ANYTHING TO OBSTRUCT JUSTICE IN THIS CASE.

AS STATED PREVIOUSLY, THE ELECTRONIC COPIES OF THE BIBLE WERE UNREADABLE, NOT SUITABLE FOR STUDY, & UNAVAILABLE FOR HOURS UPON HOURS AT A TIME. IF THESE RESTRICTIONS WERE NOT PROTECTED BY "CLEARLY ESTABLISHED LAW," AS DEFENDANT ALLEGES, WHY DID YOUKER CHANGE HIS POLICY BACK & START ISSUING BIBLES TO INMATES AGAIN AFTER SUITS PERTAINING TO THE BIBLE BAN WERE FILED? CLEARLY, YOUKER PERCEIVED THAT IT WAS INDEED AN INFRINGEMENT ON PLAINTIFF'S FIRST AMENDMENT RIGHTS THAT MUST BE RECTIFIED IN ORDER TO MITIGATE THE FALLOUT OF PENDING LITIGATION.

WILLIAMSON COUNTY. THE FIRST AMENDMENT IS CLEAR. DEFENSE IS ABSURD TO SUGGEST IT IS NOT. THE LAW HAS BEEN CLEARLY ESTABLISHED SINCE RATIFICATION IN 1788 & IT IS THE BEDROCK OF OUR CIVILIZATION.

AGAIN, THE INTERMITTENTLY AVAILABLE TABLETS' PDF COPIES OF THE BIBLE ARE UNREADABLE & OBJECTIVELY UNSUITABLE FOR STUDY. IT IS TANTAMOUNT TO A COMPLETE DENIAL OF BIBLE ACCESS ALTOGETHER AND OBVIOUSLY CONSTITUTES A SIGNIFICANT BURDEN ON THE FREE EXERCISE OF RELIGION.

STATE LAW. TENN. CODE ANN. § 41-21-211 HAS BEEN UNAMENDED BY THE GENERAL ASSEMBLY SIMPLY BECAUSE IT IS GOOD LAW. IT IS NOT ANTIQUATED. IT IS EFFECTIVE & MEETS THE INTENT OF THE GENERAL ASSEMBLY. IF THE DEFENSE DOES NOT AGREE WITH THE LAW, THEY SHOULD LOBBY TO HAVE IT CHANGED. (YOUKER IS CLEARLY BIASED AGAINST CHRISTIANS, AS HIS STATEMENTS CLEARLY SUPPORT.) AS IT STANDS, HOWEVER, TCA 41-21-211 IS THE LAW AND THE DEFENDANT IS A LAW ENFORCEMENT OFFICER! THE DEFENSE, OF COURSE WOULD MAKE THIS HONORABLE COURT'S DECISION FOR THEM IN THEIR ARGUMENT. THE PLAINTIFF URGES THE COURT TO EXERCISE JURISDICTION OVER FEDERAL AND STATE LAW CLAIMS, PARTICULARLY SINCE THIS ACTION IS THE RESULT OF TYRANNY AT THE HANDS OF STATE ACTORS EXERCISED ON PRISONERS ENGAGING IN PROTECTED ACTS UNDER THE U.S. AND TENNESSEE CONSTITUTIONS.

CONCLUSION. PLAINTIFF RESPECTFULLY REQUESTS THE CLAIMS AGAINST THE DEFENDANT IN HIS INDIVIDUAL & OFFICIAL CAPACITIES BE ALLOWED TO PROCEED.

RESPECTFULLY SUBMITTED,

MICHAEL VAN DOBBS, #15/

WILLIAMSON COUNTY JAIL

408 CENTURY CT.

FRANKLIN, TN 37064

Certificate of service

I hereby certify a true & Exact copy was mailed via us mail on 8/14/26 to Lee Ann Thompson Esq. 4068 Rural Plains Circle Ste. 100 Franklin Tn. 37064

Respectfully,

Michael Van Dobbs

Michael Van Dobbs

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

FSC MIX Envelope FSC® C137131

This correspondence is from an inmate in a correctional Institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

LEGAL MAIL

~~Michael Van Dobbs~~ # 15
408 Century Court
Franklin, Tn. 37064

NASHVILLE TN 370
24 AUG 2026 PM 2




RECEIVED
AUG 27 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk, US. District Court
719 Church street Suite 1300
Nashville, Tn. 37203

37203-709525

LEGAL MAIL