**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL VAN DOBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:25-cv-01172** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Holmes** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# REPLY BRIEF IN SUPPORT OF DEFENDANT CHAD YOUKER'S MOTION TO DISMISS

Comes Chad Youker, individually and in his official capacity as an employee of Williamson County, Tennessee, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and respectfully submits this Reply Brief in Support of his Motion to Dismiss.

Plaintiff's response relies upon facts that were not alleged in the Complaint or the Amended Complaint. Generally, a plaintiff may not assert new facts in his response to a motion to dismiss. *Wiseman v. Super Ego Holdings, LLC*, 2026 U.S. Dist. LEXIS 181868 (M.D. Tenn. July 7, 2026); *Sanders v. City of Memphis*, 2022 U.S. Dist. LEXIS 178713, at *14 (W.D. Tenn. Sept. 30, 2022) (holding that the Court is bound to consider the pleadings and not new arguments raised in response to a motion and that a plaintiff may not simply introduce new facts in response to a motion to cure factual deficiencies in the Complaint); *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) ("The court may not … take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). While there are some exceptions to this general rule, none should be applied here.

Plaintiff has already been permitted to amend the Complaint. With respect to exhaustion of administrative remedies, both the original Complaint, and the Amended Complaint specifically identify the "jail kiosk" as the place where Plaintiff filed grievances. (DE 1, Compl. Page ID# 10; Doc. 59, Amend. Compl., PageID# 420.) Plaintiff did not allege in either pleading that he filed handwritten grievances and/or utilized a grievance drop box. The response to Defendant's Motion to Dismiss, however, states for the first time that Plaintiff verbally raised grievances and filed handwritten grievances via the "grievance drop-box." (DE 70, Resp. to MTD, PageID# 505-506.) Similarly, Plaintiff did not claim in his original Complaint or Amended Complaint that his grievances were deleted, only that they were denied. (DE 1, Compl. PageID# 10), (Doc 59, Amend. Compl. PageID# 420.) Now, he claims he filed grievances on the kiosk system that were either lost, deleted, or destroyed by Defendant. (DE 70, Resp. to MTD, PageID# 506.) Plaintiff relies on these newly alleged phantom grievances to support the timeline for his retaliation claim as well. These "facts", which were not alleged in any pleading and deviate from the facts alleged in the Complaint and Amended Complaint, should not be considered.

Just as Plaintiff attempts to raise new allegations related to exhaustion of administrative remedies in his response to Defendant's Motion to Dismiss, he also attempts to bolster his retaliation claim with allegations that appear nowhere in his pleadings. Plaintiff now alleges that, during the October 10, 2025 alleged pod "raid," Defendant singled out him and another inmate, Robert Gordon, by removing only those two from the pod and threatening and harassing them to the point that Plaintiff feared for his safety. (DE 70, Resp. to MTD Page ID# 508.) Plaintiff further alleges, for the first time, that his legal paperwork was destroyed during a search. (DE 70, Resp. to MTD Page ID# 508.) Neither Plaintiff's original complaint nor his Amended Complaint contain these allegations, and they were likewise absent from his grievances. Plaintiff's responsive brief

contains a number of new allegations that should not be considered in addressing Defendant's Motion to Dismiss.

These new allegations are particularly suspicious where the brief filed in response to Defendant's Motion to Dismiss was not signed by Plaintiff. While the certificate of service, which appears on a separate page, bears a signature that appears to match that of Plaintiff's signature on the Amended Complaint (DE 59), the responsive brief does not contain a signature. Regardless of whether Plaintiff intended to sign off on these new allegations, the determination of Defendant's Motion to Dismiss should be limited to the facts alleged in pleadings. Plaintiff may not assert new claims in response to the motion to dismiss. Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons and those outlined in his primary Memorandum of Law, Defendant Chad Youker respectfully requests that the claims against him in both his individual and official capacities be dismissed.

Respectfully submitted,

/s/Lee Ann Thompson

Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on the 3rd day of September 2026 to:

Michael Van Dobbs, # 15
Williamson County Jail
408 Century Court
Franklin, TN 37064

/s/Lee Ann Thompson